PER CURIAM:
The per curiam opinion dated April 2, 2014 is withdrawn and the following per curiam is substituted in its place. The separate writings of Judges Benavides and Clement are unchanged and are refiled herewith.
Plaintiff-Appellant Doug Morgan appeals a dismissal in which the district court granted qualified immunity to an elementary school principal who did not allow him to distribute religious material to other *759 adults at his son’s in-class winter party. We affirm.
I. Background
In December of 2003, Doug Morgan attended an in-class winter party with his son, Jonathan. As part of the traditional student gift exchange, Jonathan intended to distribute candy canes bearing a religious message. Principal Lynn Swanson, however, told the Morgans that religious material would not be permitted in the third-grade classroom. After confirming this policy with district administrators, Swanson suggested that they place the materials on an “information table” where other families could pick up the material and take it home. She later announced that all materials — religious or otherwise — were prohibited from the classroom, but the Morgans noticed that the other students were allowed to exchange gifts. After Jonathan was excluded from the gift exchange, the Morgans filed suit under 42 U.S.C. § 1983, alleging a violation of Jonathan’s First Amendment rights. This Court, sitting en banc, held that Principal Swanson unconstitutionally discriminated on the basis of viewpoint when she did not allow Jonathan to distribute his gifts. See Morgan v. Swanson, 659 F.3d 359 (5th Cir.2011) (en banc). The Court nevertheless granted Swanson qualified immunity, finding relevant law .too “abstruse” and “complicated” for Swanson to have known how to handle the situation. Id. at 382.
Doug Morgan now asserts that he, too, experienced viewpoint discrimination when Principal Swanson told him not to distribute the religious material to other consenting adults in the classroom. He does not allege that any other parents were permitted to exchange gifts, nor does he challenge the school’s policy, so the factual foundation of his claim is unclear.[1] Rather than reach the merits of Morgan’s constitutional assertions, the district court dismissed the claim after finding that Swanson is entitled to qualified immunity.[2] We review such a decision de novo, taking all well-pleaded facts as true and in light most favorable to the plaintiff. Whitley v. Hanna, 726 F.3d 631, 637 (5th Cir.2013). To overcome the qualified immunity defense at the pleading stage, Morgan must allege that the objectionable conduct violated a right that was “clearly established at the time.” Pearson v. Callahan, 555 U.S. 223, 227, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).
II. Discussion
The sole question before this Court is whether Morgan’s asserted right to distribute the material was so clearly established that Principal Swanson is not entitled to qualified immunity. The district court did not address the actual constitutionality of Swanson’s conduct, and because we find that she is entitled to immunity, we need not reach that question today. Id. at 236-37, 129 S.Ct. 808.
*760 A school official is entitled to immunity from civil liability arising out of her discretionary decisions unless her conduct is “clearly established” as unconstitutional at the time of the disputed action. Safford Unified Sch. Dist. No. 1 v. Redding, 557 U.S. 364, 377, 129 S.Ct. 2633, 174 L.Ed.2d 354 (2009). Where there are no allegations of malice, there exists a “presumption in favor of qualified immunity” for officials in general, and for educators in particular. Schalk v. Gallemore, 906 F.2d 491, 499 (10th Cir.1990) (citation omitted); see also Safford, 557 U.S. at 377, 129 S.Ct. 2633 (referring to the “high degree of deference that courts must pay to [an] educator’s professional judgment”). Courts recognize that school officials have “a difficult job, and a vitally important one.” Morse v. Frederick, 551 U.S. 393, 409, 127 S.Ct. 2618, 168 L.Ed.2d 290 (2007). For this reason, educators are entitled to immunity unless “no reasonable official” would have deemed the disputed conduct constitutional. Morgan, 659 F.3d at 371, 417.
Our review of existing law reveals that educators are rarely denied immunity from liability arising out of First-Amendment disputes. Morgan, 659 F.3d at 371. The rare exceptions involve scenarios in which a factually analogous precedent clearly established the disputed conduct as unconstitutional. For example, the Eleventh Circuit considered allegations that a student was punished for silently raising his fist instead of reciting the pledge with his classmates. Holloman ex rel. Holloman v. Harland, 370 F.3d 1252 (11th Cir.2004). The facts as pleaded indicated that there was no disruption of any kind, and that the teacher admitted that she was appalled and disappointed by the “unpatriotic” behavior. Id. at 1281. After reviewing the record, the court concluded that the student’s conduct was essentially a combination of Tinker’s[3] non-verbal expression and the Barnette[4] right to abstain from the pledge. Id. at 1268-70. Because a student’s right to engage in this kind of non-disruptive political expression has been so clearly established, the court held that the teacher and principal were not entitled to qualified immunity. Id. at 1270. Similarly, another court identified three “factually similar” circuit precedents before withholding immunity from a coach who suspended a football player that had reported an assault by a teammate. Seamons v. Snow, 206 F.3d 1021 (10th Cir.2000). The prior cases had so clearly established the law that the plaintiff was able to overcome the presumption in favor of qualified immunity. Id. at 1030. In the present case, however, there is no legal authority that clearly establishes the asserted right such that Morgan can overcome Swanson’s defense. A plaintiff does not overcome the qualified immunity defense by alleging the violation of a right that is only defined “at a high level of generality.” Ashcroft v. al-Kidd, 563 U.S. -, 131 S.Ct. 2074, 2084, 179 L.Ed.2d 1149 (2011). Instead, there must exist a clearly established “particular right” such that the official had “fair notice” of that right and its concomitant legal obligations. Camreta v. Greene, 563 U.S. -, 131 S.Ct. 2020, 2031, 179 L.Ed.2d 1118 (2011). In other words, “the contours of the right” must be “sufficiently clear that a reasonable official would understand that what he is doing violates that right.” Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). In conclud *761 ing that a particular right is clearly established, courts must rely only on authority that existed at the time of the disputed conduct; conversely, courts may consider newer contrary authority as evidence that the asserted right is not clearly established. See Wilson v. Layne, 526 U.S. 603, 614, 617-18, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999).
Morgan argues that his right to distribute religious material is clearly established because “regardless of forum, viewpoint discrimination regarding private speech is unconstitutional.” This assertion is generally true. Yet such a broad generalization is exactly the kind of proposition that will not suffice for the purposes of qualified immunity analysis, as it simply does not provide the official with any sense of what is permissible under a certain set of facts. For example, the nearly universal prohibition against viewpoint discrimination does not inform an official as to what, precisely, constitutes viewpoint discrimination. Nor does it enlighten a teacher as to the permissible extent of content restriction in a classroom setting. For these reasons, this Court has already rejected the viewpoint discrimination principle as “far too general” to have clearly established, at the time of the incident, Swanson’s constitutional obligations vis-avis the holiday party. Morgan, 659 F.3d at 378. And we are not alone: the Ninth Circuit recently rejected an argument very similar to the one made here, holding that “sweeping statements]” about the First Amendment are not sufficient to deprive a teacher of qualified immunity. C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist., 654 F.3d 975, 987 (9th Cir.2011); accord Hosty v. Carter, 412 F.3d 731, 738 (7th Cir.2005).
When asked at oral argument to name a case that clearly establishes Morgan’s right to distribute the religious gifts, Morgan pointed to Chiu v. Plano Indep. Sch. Dist., 260 F.3d 330 (5th Cir.2001). Yet the case is inapposite. Chiu dealt with after-school meetings whose express purpose was to allow adults to discuss mathematics instruction. Id. at 336-37. This Court held that — regardless of whether the meetings were properly classified as public forum or limited public forum — school officials could not prohibit the plaintiffs from distributing material related to certain curriculum options. Id. at 354. It is difficult to imagine how Chiu establishes a specific rule applicable to this case. The present case does not involve an individual trying to contribute relevant materials to a public forum dedicated to adult dialogue. Instead, a parent asked whether he could distribute religious material during a school-day activity for children. So while Chiu may indeed be relevant in discerning the nature and extent of Morgan’s rights in the classroom, the case does not itself establish those rights, and its radically different factual context renders Chiu incapable of providing any meaningful guidance to an educator trying to handle First Amendment concerns arising out of a third-grade party.
III. Conclusion
After carefully considering Morgan’s arguments, we find that he has not identified any case clearly establishing the constitutional right asserted here. Nor are we aware of such a case. Where there is no authority recognizing an asserted right, and where the area of law is as “abstruse” and “complicated” as First Amendment jurisprudence, that right cannot be clearly established for the purposes of qualified immunity analysis. Morgan, 659 F.3d at 382. Accordingly, Morgan’s allegations are not sufficient to overcome Swanson’s qualified immunity defense. His claim is *762 therefore properly dismissed. AFFIRMED.

. Morgan's claim may not meet the pleading standard, even aside from any failure to overcome Swanson’s defense. Fed.R.Civ.P. 12(b)(6); see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (holding that conclusory allegations do not meet the 12(b)(6) standard); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (requiring "enough facts to state a claim to relief that is plausible on its face”). Because Swanson is entitled to qualified immunity, we do not make this determination today.

. Neither the defendant nor the district court indicated whether the dismissal is pursuant to 12(b)(6) or 12(c). The distinction is of little import, as the two motions are governed by the same substantive standard, and there is no dispute as to the evidentiary materials properly before the Court. Gentilello v. Rege, 627 F.3d 540, 543-44 (5th Cir.2010).

. Tinker v. Des Moines Indep. Comm. Sch. Dist., 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969).

. W. Va. State Bd. Of Educ. v. Barnette, 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1943).