GREGG COSTA, Circuit Judge,
concurring in the judgment:
My colleagues’ differing opinions on whether the force applied in this tragic case was excessive demonstrate that the constitutional question is a close call even for a judge who can spend days parsing the fine points of case law, let alone for an officer making split second decisions in the field. It is precisely for such situations— when the existence of a constitutional violation is not “beyond debate” — that qualified immunity provides a defense. Ashcroft v. al-Kidd, 563 U.S. 731, 131 S.Ct. 2074, 2083, 179 L.Ed.2d 1149 (2011).
Khan v. Normand, 683 F.3d 192 (5th Cir.2012), alone supports the application of qualified immunity. That decision assessed the state of “hog-tying”- law as of 2007. Id. at 193. It thus' binds us in assessing the state of that law in 2010 given the absence of any intervening authority. See Morgan v. Swanson, 755 F.3d 757, 760 (5th Cir.2014) (“In concluding that a particular right is clearly established, courts must rely only on authority that existed at the time of the disputed conduct; conversely, courts may consider newer contrary authority as evidence that the asserted right is not clearly established.” (emphasis in original) (citing Wilson v. Layne, 526 U.S. 603, 614, 617-18, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999))). Khan found no violation of clearly established law because the arrestee “was not left face down in the four-point restraint for an extended period of time,” he “remained under constant supervision,” and the officers had not been told that the arrestee was in a cocaine-induced psychosis. 683 F.3d at 195-96. The same facts exist here.
Hill v. Carroll County, 587 F.3d 230 (5th Cir.2009), provides even stronger support for qualified immunity. It found no constitutional violation — not just the absence of a clearly established violation — when the obese arrestee remained hog-tied and alone in the back seat of a patrol car during a 29 mile drive to jail. 587 F.3d at 232-33, 237. In doing so, it emphasized factors that are again present here: the arrestee’s continued resistance to the officers and the absence of a cocaine-induced psychosis such as the one the officers knew about in Gutierrez v. City of San Antonio, 139 F.3d 441 (5th Cir.1998).[1] Id. *186 at 237. With Hill on the books when Pratt was restrained for a much briefer time, it is difficult to find that a holding opposite the one in Hill would have been clearly established in 2010.
On this ground of qualified immunity, I would affirm the judgment.[2]

. Recognizing that the officer’s actual notice of cocaine use that existed in Gutierrez is not present here, Judge Haynes finds that "they had sufficient information to lead them to suspect that he was intoxicated with some kind of unknown substance.” Dissent at 187. But irrational behavior existed in all our hogtying cases; that is what led to the use of the restraint in the first place. In Khan, for example, the officers thought the arrestee was "suffering from a mental illness,” but that was not sufficient to support a finding that they should have suspected cocaine use. 683 F.3d at 196. And it’s not just use of "some kind of unknown substance” that led to the decision in Gutierrez, but use of cocaine in particular as one report had found that hogtying created a substantial risk of death when applied to persons suffering from a cocaine-induced psychosis. ■ 139 F.3d at 451; but see Hill, 587 F.3d at 235 (noting that a more recent study had cast doubt on the study *186 relied on in Gutierrez and therefore it did not “extend beyond its facts”).

. Because qualified immunity provides a defense for the deputies involved in the use of force, it also warrants dismissal of the supervisory liability claims. See Doe v. Taylor I.S.D., 15 F.3d 443, 454 (5th Cir.1994) (en banc) (explaining that for supervisory liability claims the qualified immunity "clearly established” standard applies to the underlying violation as well as the duty to provide better supervision concerning that right). And I agree with Judge Haynes that any constitutional violation is not attributable to the County as its policy prohibits hog-tying.