# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2022

Lyle W. Cayce
Clerk

No. 20-51051

Rene Michelle Taylor,

*Plaintiff—Appellant*,

*versus*

Rose Nelson; Joy Fattori; Michael Rutledge; Kimberly
Massey,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CV-467

Before Richman, *Chief Judge*, and Wiener and Willett, *Circuit Judges*.

Per Curiam:*

Rene Michelle Taylor is a former Texas inmate and practicing Muslim. For decades she wore a hijab that covered her hair, ears, and chest. The parties do not dispute that Taylor sincerely believed she needed to wear

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

such a hijab. In 2012 the Texas Department of Criminal Justice promulgated a system-wide policy regulating hijab size. Taylor admits her hijab was larger and covered more of her than the TDCJ-approved hijab. Prison officials ("the Officials") did not at first enforce the new policy against Taylor, but when they did Taylor sued.

Taylor sued pro se following the permanent confiscation of her larger hijab. She brought claims against Rose Nelson, Joy Fattori, Michael Rutledge, and Kimberly Massey under 42 U.S.C. § 1983. Among other things, Taylor alleged that each of these Officials violated her rights under the Free Exercise Clause by having a hand in confiscating her hijab. The district court granted the Officials summary judgment on all of Taylor's claims. Taylor appealed, and we appointed her counsel. Taylor advises us that she now abandons all her claims other than those under the Free Exercise Clause against Nelson, Fattori, and Rutledge.

Taylor mainly argues that the district court misapplied the parties' burdens in dismissing her claims under the Free Exercise Clause. We agree. The district court faulted Taylor for "not complain[ing] in any detail about how the hijab policy violates her First Amendment Rights." But the district court got ahead of itself. All Taylor needed to show at summary judgment was that she was "sincere" in her religious beliefs. *DeMarco v. Davis*, 914 F.3d 383, 388 (5th Cir. 2019). Once she did—something nobody disputes— it was up to the Officials to defend their actions.

True, "reasonable restrictions" on religious exercise do not offend the Free Exercise Clause if they "stem[] from legitimate penological concerns." *Id.* at 389 (citation omitted). But it is not the prisoner's or a court's job to speculate what those concerns are. It is up to *officials*, rather, to "put forward" some. *Id.* at 390 (quoting *Turner v. Safley*, 482 U.S. 78, 89

(1987)). The Officials have yet to do so. Therefore, Taylor met her burden at this stage. *See id.* at 389.

Taylor urges us to remand her case if we agree with her that the Officials needed to put forward some legitimate penological concern.[1] But the defendant officials in *DeMarco* never pleaded qualified immunity. In fact, they never pleaded *anything* before the district court dismissed the prisoner's claims. That is because the district court dismissed the prisoner's claims in *DeMarco* under 28 U.S.C. § 1915A(b)(1) for failing to state a claim. 914 F.3d at 386. In other words, the district court in *DeMarco* dismissed the prisoner's claims at a pre-docketing "[s]creening." § 1915A(a). Taylor contends that "[t]he district court failed to address qualified immunity," and so we should not "reach the issue in the first instance." We disagree with Taylor's characterization and recommendation. The district court addressed qualified immunity in subpart G of its order where it also dismissed Taylor's claim under the Free Exercise Clause.[2]

Even so, the Officials asserted in the district court that, as state officials, they are entitled to qualified immunity. That meant Taylor had to show that (1) each Official's "conduct violated [her] constitutional right[s]," and (2) her "right was clearly established at the time of the violation." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (citation omitted). "To be clearly established for purposes of qualified immunity, the contours of the right must be sufficiently clear that a reasonable official would understand

---

[1] *See DeMarco*, 914 F.3d at 390 ("On remand, the court should determine whether the alleged confiscation was reasonably related to a legitimate penological objective.").

[2] The Supreme Court has also "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *see also Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009).

that what he is doing violates that right." *Id.* (citation omitted). Taylor cannot get past qualified immunity's second prong.

*First*, Taylor fails to identify a clearly established right. Taylor contends that the law was "clearly established that *no* restriction on religious practice is constitutional" absent a reasonable relationship between the restriction and a legitimate penological concern. But plaintiffs who assert religion-based rights cannot overcome qualified immunity by defining those rights at such a "high level of generality." *Morgan v. Swanson*, 755 F.3d 757, 760 (5th Cir. 2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). Taylor needed to be more specific.

*Second*, reasonable officials would not have understood that enforcing the hijab policy was unconstitutional. "[L]egitimate penological interests" support whether "a prison *regulation* imping[ing] on inmates' constitutional rights . . . is valid." *Turner*, 482 U.S. at 89–90 (emphasis added). But nonpromulgating officials enforcing that policy act reasonably so long as the policy itself does not itself suffer from an "obvious" constitutional defect. *See Taylor v. Riojas*, 141 S. Ct. 52, 54 (2020) (per curiam) (quoting *Hope v. Pelzer*, 536 U.S. 730, 745 (2002)). We said as much in *Cope v. Cogdill*, 3 F.4th 198 (5th Cir. 2021). There we explained, in the Eighth Amendment context, that officials acting under prison policy are "essentially follow[ing] orders" and so they do not violate clearly established law unless those orders are "facially outrageous." *Id.* at 208 (quoting *Jacobs v. W. Feliciana Sheriff's Dep't*, 228 F.3d 388, 398 (5th Cir. 2000)). So, too, has the Second Circuit. *See Varrone v. Bilotti*, 123 F.3d 75, 82 (2d Cir. 1997) (extending qualified immunity to officials "carrying out [an] order, not facially invalid, issued by a superior officer who is protected by qualified immunity"); *see also Barnes v. Furman*, 629 F. App'x 52, 57 (2d Cir. 2015) (summary order) (noting that "a different analysis may apply to those responsible *for* the policy" as opposed to those merely "following" it (emphasis added)). Taylor admits she violated

the hijab policy, but does not argue that it is obviously unconstitutional. Therefore, we cannot agree with her that Officials who enforced it against her violated clearly established law.

Because Taylor cannot overcome the Officials' qualified immunity defense, the judgment of the district court is AFFIRMED.