La'Derrick EDWARDS, also known as La'Derrick Markeith Edwards, Plaintiff-Appellant

v.

Barry MARTIN, Head Warden, Texas Department of Criminal Justice, Clements Unit; Dustin Owens, Correctional Officer IV; Wilbur Kemph, Captain; Vickie Brown, Substitute Counsel; Lorie Davis, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Defendants-Appellees

No. 15-11245
Summary Calendar

United States Court of Appeals, Fifth Circuit.

Filed May 2, 2017

La'Derrick Edwards, Pro Se

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM: *

La'Derrick Edwards, Texas prisoner # 1613521, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) and 41 U.S.C. § 1997e(c)(1) for failure to state a claim upon which relief could be granted and as frivolous. He also moves for the appointment of counsel.

The complaint named as defendants Texas Department of Criminal Justice (TDCJ) Director William Stephens, who has since been replaced as a party by Lorie Davis and is hereinafter referred to as "Davis"; Warden Barry Martin; Captain Wilbur Kemph; substitute counsel Vickie Brown; and officer Dustin Owens. Edwards alleged in the complaint that his constitutional rights were violated when Owens confiscated without proper investigation several items of his personal property, including 11 magazines, a radio, and a fan, and failed to rewrite Edwards's disciplinary case after the fan and radio were returned to him; when Kemph found him guilty at a disciplinary hearing regarding the contraband; when Brown failed to represent him effectively at the hearing; and when Davis and Martin failed to intervene after being notified of their subordinates' actions. He sought declaratory, monetary and injunctive relief.

Where, as here, a district court has dismissed a prisoner's complaint pursuant to § 1915(e)(2)(B)(i) and (ii), § 1915A, and § 1997e(c), the dismissal is reviewed de novo. *See Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005). "To determine if a complaint fails to state a claim, we apply the same standard of review applicable to dismissals made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and will uphold a dismissal if, taking the plaintiff's allegations as true, it appears that no relief could be granted based on the plaintiff's alleged facts." *Samford v. Dretke,* 562 F.3d 674, 678 (5th Cir. 2009) (internal quotation marks and citation omitted). We will "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege,* 627 F.3d 540, 544 (5th Cir. 2010) (internal quotation marks and citation omitted). A complaint is considered frivolous if it has no "arguable basis in law or fact." *Samford,* 562 F.3d at 678 (internal quotation marks and citation omitted).

Edwards's argument that the district court erred by considering his claims against only two of the defendants is belied by the record because the district court adopted the magistrate judge's report and recommendation, which addressed Edwards's claims against all of the defendants. *See* 28 U.S.C. § 636(b)(1).

Edwards also argues that Brown violated his Fourteenth Amendment rights by failing to represent him effectively and by preventing him from calling a witness. However, Edwards has not demonstrated that the district court erred in concluding that he failed to state a § 1983 claim against Brown because a counsel substitute does not act under color of state law. *See Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995).

Regarding Martin and Davis, Edwards argues that his constitutional rights were violated when they failed to investigate adequately after being informed by Edwards about their subordinates' actions. However, such allegations are insufficient to establish supervisory liability. *See Roberts v. City of Shreveport,* 397 F.3d 287,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

292 (5th Cir. 2005); *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001).

Edwards contends that Kemph violated his due process rights at the disciplinary hearing by not allowing him to call a witness to verify his ownership of the radio and fan or to present magazine receipts as evidence of his ownership. He asserts that Owens stated at the disciplinary hearing that the magazines were confiscated because they had tape on them. He also argues that Owens violated his First and Fourteenth Amendment rights by not investigating before confiscating his property, by failing to verify that (1) he had receipts for some of his magazines, (2) there were mailroom logs regarding the magazines for which he did not have receipts, (3) he had received the radio and fan from the Harvins Unit, and (4) the mailroom had applied tape to his magazines.

Because Edwards did not have a protectable property interest in his custodial classification and because he did not allege any facts supporting his speculation that his parole could have been affected, these allegations do not establish a due process violation remediable under § 1983. *See Gentilello*, 627 F.3d at 544; *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Additionally, any harm caused by Kemph's failure to call the witness and Owens's failure to investigate the radio and fan was cured when the radio and fan were returned shortly after the hearing. Regarding the magazines, Edwards was provided the opportunity to challenge the placement of tape on the magazines at the disciplinary hearing and during prison grievance procedures, and his allegations acknowledge that it was against prison policy for his magazines to have tape on them. *See Wolff v. McDonnell*, 418 U.S. 539, 564-66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Kemph's and Owens's alleged refusal to consider the magazine receipts or otherwise investigate his ownership of the magazines did not violate his due process rights because his ability to prove ownership of the magazines was not at issue. Although Edwards asserts that Owens broke state prison rules and regulations by failing to rewrite his case, he is not entitled to relief under § 1983 on this basis. *See Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989).

In light of the foregoing, the appointment of counsel is not warranted, *see Ulmer v. Chancellor*, 691 F.2d 209, 212, 213 (5th Cir. 1982), and the district court's judgment is AFFIRMED.