# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10498
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2017

Lyle W. Cayce
Clerk

TRENT TAYLOR,

Plaintiff-Appellant,

v.

ARION WILLIAMS, Medical Director, Individually and in his official capacity; REBECCA RAMIREZ, Senior Director Psychiatric, Individually and in their official capacity; RAYE MITCHELL, Director of nursing psychiatric, Individually and in their official capacity; ROBERT STEVENS, Warden, Individually and in their official capacity; ROBERT RIOJAS, Sergeant of Corrections Officer, Individually and in their official capacity; RICARDO CORTEZ, Sergeant of Corrections Officer, Individually and in their official capacity; STEPHEN HUNTER, Correctional Officer, Individually and in their official capacity; LARRY DAVIDSON, Correctional Officer, Individually and in their official capacity; CORRECTIONAL OFFICER JOHN DOE, Camera Operator, Individually and in their official capacity; JENNIFER MARES, Correctional Officer, Individually and in their official capacity; JANE DOE, Correctional Officer, For B-2 on 9-8-13, Individually and in their official capacity; UNIDENTIFIABLE YOUNG, Correctional Officer, For B-2 on 9-9-13, Individually and in their official capacity; MARIA REYNA, Correctional Officer, Individually and in their official capacity; JOHN #1 DOE, Escorting Correctional Officer, for 9-11-13, Individually and in their official capacity; JOHN #2 DOE, Escorting Correctional Officer, For 9-11-13, Individually and in their official capacity; SHANE SWANEY, Sergeant Of Corrections Officer, Individually and in their official capacity; ERMMA PARRA, Correctional Officer, Individually and in their official capacity; CHEVIS PARKER, Correctional Officer, Individually and in their official capacity; FRANCO ORTIZ, Correctional Officer, Individually and in their official capacity; JOE MARTINEZ, Correctional Officer, For D-2 on 9-12-13, Individually and in their official capacity; CREASTOR HENDERSON, L.V.N., Individually and in their official capacity; RAYMUNDO MONTEZ, Correctional Officer, Individually and in their official capacity; JOHN #3 DOE, Correctional Officer on 9-12-13

No. 16-10498

on Video, Individually and in their official capacity; TYRONNE JONES, Sergeant of Corrections officer, Individually and in their official capacity; STEPHANIE ORR, L.V.N., Individually and in their official capacity; SUSAN NASH, L.V.N., Individually and in their official capacity; DEBRA FIELDER, R.N., Individually and in their official capacity; SHAUNA CARPENTER, R.N., Individually and in their official capacity; DARLA HUBBLE, Correctional Officer, Individually and in their official capacity; TRICINIA GIPSON, Correctional Officer, Individually and in their official capacity; JOHN DOE #6, Correctional Officer for E-3 On 10-14-13, Individually and in their official capacity; RANDY HANCOCK, Sergeant of Corrections Officer, Individually and in their official capacity; RANDY CRAIN, Correctional Officer, Individually and in their official capacity; MICHAEL MCDONALD, Psychiatrist/P.A., Individually and in their official capacity; SHAWN VALLANCE, Sergeant of Corrections Officer, Individually and in their official capacity; MELISSA OLMSTEAD, Correctional Officer, Individually and in their official capacity; MAILROOM ADMINISTRATION OFFICER/SUPERVISOR, For 10-14-13, Individually and in their official capacity; OPAL MANKINS, R.N., Individually and in their official capacity; ALLAN HANRETTA, M.D., Individually and in their official capacity; JANIS WOODALL, L.C.S.W., Individually and in their official capacity; KIM DAVIS, L.V.N., Individually and in their official capacity; SEAN O'DONNEL, P.H.D., Individually and in their official capacity; MARILYN NOBLE, P.A., Individually and in their official capacity; PRIYA KANDHERIA, M.D., Individually and in their official capacity; UNKNOWN SIGNEE JOHN DOE, Individually and in their official capacity; LANETTE LINTHICUM, M.D., Director Health Services, Individually and in their official capacity; DENISE DESHIELDS, M.D., Medical Director TTUHSC, Individually and in their official capacity,

Defendants-Appellees.

―――――――――――――

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:14-CV-149

―――――――――――――

2

No. 16-10498

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Trent Taylor, Texas prisoner #1691384, filed a civil rights complaint against 47 employees of the Montford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division. During his two-month incarceration at the Montford Unit, Taylor contended, he was subjected to unconstitutional cell conditions, excessive use of force, forced psychiatric treatment, denial of medical care, sexual harassment, denial of access to the courts and to the prison grievance process, conspiracy, harassment, and retaliation. In two separate motions, the defendants moved to dismiss the complaint for failure to state a claim, and the district court granted the motions in part and denied the motions in part.

The district court concluded that Taylor had failed to state a claim upon which relief could be granted with respect to his conditions-of-confinement and denial-of-medical-care claims against: Marion Williams, Rebecca Ramirez, Raye Mitchell, Jennifer Mares, Maria Reyna, Ermma Parra, Chevis Parker, Raymundo Montez, Tyronne Jones, Susan Nash, Debra Fielder, Shauna Carpenter, Darla Hubble, Triciania Gipson, Randy Hancock, Randy Crain, Michael McDonald, Shawn Vallance, Opal Mankins, Allan Hanretta, Janis Woodall, Kim Davis, Sean O'Donnel, Marilyn Noble, Priya Kandheria, Lanette Linthicum, and Denise DeShields. Taylor's claims against Correctional Officer John Doe, Jane Doe, Loretta Young, John Doe #1, John Doe #2, John Doe #3, John Doe #6, Mailroom Administration Officer/Supervisor, and Unknown Signee John Doe were also dismissed. These defendants either had not been

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

3

identified or had not been served.  The district court determined also that Taylor had not stated a claim upon which relief could be granted with respect to his claims: that he had been required to undergo psychiatric treatment without his consent; that he was sexually harassed because he was unclothed in the presence of female guards; that his right of access to the courts was violated; and that he was the victim of conspiracy, harassment, and retaliation. Taylor's official-capacity claims were dismissed on immunity grounds, and his requests for injunctive relief were dismissed as moot.  The district court entered final judgment with respect to these rulings pursuant to Federal Rule of Civil Procedure 54(b).  Taylor gave timely notice of his appeal.

We have not considered arguments raised by Taylor with respect to his cell-conditions and deliberate-indifference-to-medical-care claims against Robert Stevens, Robert Riojas, Ricardo Cortez, Stephen Hunter, Larry Davidson, Shane Swaney, Franco Ortiz, Joe Martinez, Creastor Henderson, and Stephanie Orr and his excessive-force claim against Melissa Olmstead because those claims were not disposed of by the Rule 54(b) judgment on appeal.

Because they have not been briefed, the following questions have been WAIVED: (1) whether the district court erred in dismissing Taylor's official-capacity claims; (2) whether the district court erred in dismissing Taylor's claims against Reyna, Jones, Nash, Fielder, Carpenter, Hubble, Gipson, Crain, Hanretta, Linthicum, DeShields, Young, Mailroom Administration Officer/Supervisor, and the John and Jane Doe parties; (3) whether the district court erred in dismissing Taylor's conditions-of-confinement claim against Vallance; and (4) whether district court erred in dismissing Taylor's interference-with-grievance-process and state-tort claims. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Taylor

states in his reply brief that he no longer wishes to pursue his sexual-harassment claims against Williams, Mitchell, and Ramirez, which he recast in his original brief as claims under the Religious Land Use and Institutionalized Persons Act. We have not considered Taylor's contentions with respect to his claims against Montez because they were not asserted in the original brief. *See Taita Chem. Co., Ltd. v. Westlake Styrene Corp.*, 246 F.3d 377, 384 n.9 (5th Cir. 2001). The remaining appellees are Williams, Ramirez, Mitchell, Mares, Parra, Parker, Hancock, McDonald, Vallance, Mankins, Woodall, Davis, O'Donnel, Noble, and Kandheria.

Taylor's motion for an order requiring the defendants to serve him with copies of documents filed by them and requiring the defendants' attorneys to follow the rules is DENIED AS UNNECESSARY. Taylor's motion for appointment of counsel is DENIED. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

The district court did not err in dismissing Taylor's requests for injunctive relief as moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

We review de novo a dismissal under Rule 12(b)(6) of Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff. *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Conclusory allegations, unwarranted factual inferences, and legal conclusions will not suffice. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).

Taylor contends that he stated valid conditions-of-confinement claims against Mares, McDonald, Parra, Parker, Williams, Ramirez, and Mitchell. Taylor's allegations against Mares, McDonald, Parra, and Parker do not show that it is plausible that these defendants had subjective knowledge that Taylor was exposed to cell conditions for a sufficient period of time that constituted an extreme deprivation or posed a serious risk to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834, 847 (1994); *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978); *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998); *see also Iqbal*, 556 U.S. at 678. In turn, he has not shown that Williams, Ramirez, and Mitchell failed to supervise subordinate officers, that a causal connection existed between a failure to supervise and a constitutional injury, or that these defendants acted with deliberate indifference to a substantial risk to Taylor of serious harm related to his cell conditions. *See Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998).

Taylor asserts that Sergeant Hancock violated his right of access to the courts by failing to photograph an injury he sustained during a use-of-force incident. Taylor does not assert that he has been precluded by Hancock's omission from filing any pleadings or other documents in a legal proceeding. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996).

Taylor complains that his right to procedural due process was denied when his confinement at the Montford Unit and treatment continued after he withdrew his consent. For this, he blames Williams, Ramirez, and Mitchell, and members of the "warden's committee": McDonald, Vallance, Mankins, Woodall, Davis, O'Donnel, Noble, and Kandheria.

Taylor's conclusional allegations regarding Williams, Ramirez, and Mitchell do not demonstrate that these supervisory officials violated his constitutional rights. *See Brenoettsy*, 158 F.3d at 911-12; *see also Gentilello*,

627 F.3d at 544. As to all the foregoing claims and assertions, the judgment of the district court is AFFIRMED.

In addressing Taylor's claim of forced psychiatric treatment in violation of due process, the district court relied on *Washington v. Harper*, 494 U.S. 210, 236 (1990), and *Meachum v. Fano*, 427 U.S. 215, 225 (1976) in concluding that Taylor had not stated a claim against McDonald, Vallance, Mankins, Woodall, Davis, O'Donnel, Noble, and Kandheria. Finding no claim for a constitutional violation, the district court terminated its qualified immunity inquiry. *See Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). However, Taylor's allegations are sufficient to state a claim that warrants further consideration in light of *Vitek v. Jones*, 445 U.S. 480, 493-95 (1980). We remand to the district court to consider, in the first instance, these defendants' contentions that they are entitled to qualified immunity. The judgment is VACATED as to this claim and REMANDED for further development.

AFFIRMED IN PART; VACATED IN PART AND REMANDED.