# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 29, 2012

No. 11-11118
Summary Calendar

Lyle W. Cayce
Clerk

PLETZE BROWN, JR.,

Plaintiff - Appellant

v.

CITIMORTGAGE, INCORPORATED; CARLA WEATHERFORD,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-1102

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Pletze Brown, Jr. ("Brown")[1] appeals from the district court's grant of a motion for judgment on the pleadings to Defendants-Appellees CitiMortgage, Inc. ("CitiMortgage") and Carla Weatherford.  We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Pletze Brown, Jr., and Jessie Brown were the plaintiffs in the district court. Although Jessie Brown joined Pletze Brown in signing the Appellant's Brief, only Pletze Brown was named in the notice of appeal.  Thus, we conclude that a timely appeal was taken only by Pletze, not Jessie, Brown.  We note that no difference between the claims of the two was articulated in the district court.

No. 11-11118

Brown and his wife filed a *pro se* action in Texas state court, asserting, *inter alia*, claims for violations of the Texas Deceptive Trade Practices-Consumer Protection Act, TEX. BUS. & COM. CODE § 17.45 *et seq.*, and the Texas Debt Collection Act, TEX. FIN. CODE § 392.001 *et seq.* against CitiMortgage apparently contesting actions it took in connection with a deed of trust on property they owned (although even this much is difficult to discern from their pleadings). Subsequently, Defendants-Appellees removed the case to federal court on grounds of diversity, and filed a motion for judgment on the pleadings. Based on the recommendations of the magistrate judge, the district court granted the motion and dismissed the case with prejudice. This timely appeal followed.

We have appellate jurisdiction over the final judgment of the district court pursuant to 28 U.S.C. § 1291. We review a dismissal from a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) *de novo. E.g., Gentilello v. Rege*, 627 F.3d 540, 543 (5th Cir. 2010). "[W]hen it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief," dismissal is appropriate. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (citation omitted). In our review, "the central issue is whether . . . the complaint states a valid claim for relief." *St. Paul Mercury. Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000) (citation omitted). "'In analyzing the complaint, we will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312-13 (5th Cir. 2002) (citation omitted). However, we will not "'accept as true conclusory allegations or unwarranted deductions of fact.'" *Id.* at 313 (citation omitted).

As he did below, Brown proceeds in this court *pro se.* Although we are mindful that Brown's *pro se* complaint must be liberally construed, *e.g., Bustos v. Martini Club Inc.*, 599 F.3d 458, 465 (5th Cir. 2010), we nevertheless must affirm the district court's judgment because Brown fails to assert, despite

2

No. 11-11118

numerous opportunities to do so, any set of facts beyond mere recitations of statutes that would entitle him to relief on his claims.

AFFIRMED.