# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 3, 2013

Lyle W. Cayce
Clerk

No. 12-10844

DESMOND S. LOTT; THOMAS F. MILLS; MAURICE BUCHANAN;
ROBERT EDWARD MIZELL; ALAN E. HARWOOD; ERIC RICHARD
LONG; MORGAN E. WINDRIX; BILLY RAY THOMPSON; DENNIS BRUCE
HAMMONS; JAMES HUTSON; AUZIO HEWLETT; DEMETRIUS NASH;
JOHN LAPLANTE; STEVE R. HICKMAN; ALRICK THOMAS; DEWAYNE
BRADLEY; BENJAMIN CAHAFER; MICHAEL FLANAGAN; TIMOTHY D.
SMITH; MOSHE LEICHNER; PAUL PETER SWEHLA; MICHAEL
WESTLEY DEVER; ANDRE L. PERKINS; ELISHA MAYE,

Plaintiffs - Appellants,

v.

K. EDENFIELD, Warden; HARLEY G. LAPPIN, Director; ERIC HOLDER,
Attorney General; UNITED STATES OF AMERICA,

Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:09-CV-235

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

The plaintiffs, twenty-three men currently or formerly incarcerated at the

Federal Correctional Institution ("FCI") in Big Spring, Texas, brought a *Bivens*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10844

action seeking damages from three federal officials: Karen Edenfield, the warden of FCI Big Spring; Harley G. Lappin, the director of the Federal Bureau of Prisons ("BOP"); and Eric Holder, the Attorney General of the United States.[1] The plaintiffs allege that the defendants failed to correct numerous unconstitutional conditions at FCI Big Spring. The defendants filed a motion to dismiss the plaintiffs' claims for several reasons, which the district court granted. The plaintiffs now appeal. Because the complaint fails to plead sufficient facts to establish that the defendants were deliberately indifferent to any clearly established rights, the defendants are entitled to qualified immunity. Accordingly, we AFFIRM the judgment of the district court.

## BACKGROUND

In 2009 and 2010, twenty-four prisoners[2] incarcerated at FCI Big Spring filed *pro se* complaints in the Northern District of Texas. The prisoners alleged that they were subjected to cruel and unusual punishment as a result of overcrowding at the prison, and sought injunctive relief as well as damages. The district court consolidated the cases and appointed three volunteer attorneys to represent the plaintiffs. The plaintiffs then filed an amended complaint against Edenfield, Lappin, Holder, and the United States.

The complaint alleges that the prison, which has a rated capacity of 891 inmates, housed 1,420 inmates at the time of filing. The complaint alleges that inmates at FCI Big Spring were subjected to the following inhumane conditions:

- an overloaded sewage system that regularly backed up into the bathrooms, exposing inmates to unsanitary conditions;

---

[1] Edenfield is no longer the warden of FCI Big Spring, and Lappin is no longer the director of the BOP. Additionally, although the United States was named as a defendant in the plaintiffs' suit, the present appeal concerns only the *Bivens* claims against the three named officials.

[2] One of the prisoners later withdrew from the suit and is not involved in the present appeal.

- lack of access to purified drinking water when the inmates were confined to their rooms, which required them to drink allegedly dangerous tap water from the sinks during those times;

- small and inadequately staffed medical facilities, resulting in excessive delays in receiving medical treatment;

- inadequate maintenance and ventilation, resulting in mold growing in inmate living areas;

- inadequate living space;

- an inadequate kitchen and cafeteria, resulting in long waits at meal times, insufficient food to properly feed all inmates, inadequately cleaned trays and utensils, and use of food not fit for human consumption;

- a commissary that frequently lacked necessities such as toothpaste, toothbrushes, shampoo, and soap;

- insufficient counseling facilities and counselors to provide inmates with required treatment; and

- a library that was overcrowded and insufficient for the number of inmates currently housed at the prison.

The complaint alleges that these conditions, which "pose a substantial risk of serious harm to Plaintiffs and all other inmates at FCI Big Spring," violated the Eighth Amendment's prohibition against cruel and unusual punishment.

The complaint alleges that Edenfield, as warden, was aware of the overcrowding at FCI Big Spring and the health hazards it posed. The complaint states that many of the plaintiffs filed administrative grievances concerning the problems described above, and alleges that Edenfield "no doubt" knew about these problems. The complaint alleges, however, that Edenfield took no steps to remediate any of these conditions. The complaint further alleges that "Defendants Lappin and Holder, as the governmental authorities charged with oversight of the United States Bureau of Prisons and FCI Big Spring, [we]re also aware of the overcrowded conditions at FCI Big Spring and the health threats" that they caused. Finally, the complaint alleges that the defendants, despite

No. 12-10844

being aware of these problems and the potential for more serious problems, had been deliberately indifferent and had done nothing to abate the problems.

The complaint requests that the district court certify a class of all current and former inmates of FCI Big Spring and enter an injunction compelling the defendants to reduce the inmate population at the prison and to remedy the conditions described above. The complaint also requests money damages and all other relief to which the plaintiffs are entitled.

The defendants moved to dismiss the claims of twenty of the plaintiffs for failure to exhaust administrative remedies; these motions were granted by the district court. The defendants also moved to dismiss all individual capacity claims against them based on qualified immunity. The defendants argued that the complaint did not allege facts sufficient to show the personal involvement of any defendant in any alleged constitutional violation. The defendants further argued that the allegations, accepted as true, did not constitute a violation of the Eighth Amendment. The district court granted the defendants' motion "for essentially the reasons argued by the Defendants on pages 8–23 of their well-reasoned Motion," dismissing the individual capacity claims without prejudice. The claims for injunctive relief were not dismissed. However, the district court entered final judgment on the dismissed claims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The plaintiffs now appeal, arguing that they adequately pleaded violations of clearly established Eighth Amendment rights sufficient to overcome qualified immunity. The plaintiffs further argue that the district court should have applied the doctrine of vicarious exhaustion as to the twenty plaintiffs who did not personally exhaust administrative remedies.

## DISCUSSION

The district court's ruling on a Rule 12(c) motion for judgment on the pleadings is reviewed *de novo*. *Gentilello v. Rege*, 627 F.3d 540, 543 (5th Cir. 2010) (citation omitted). As with a Rule 12(b)(6) motion to dismiss, the question

is whether, viewed in the light most favorable to the plaintiffs, the complaint states a valid claim for relief. *Id.* at 543–44 (citations omitted). "To avoid dismissal, a plaintiff must plead sufficient facts to 'state a claim to relief that is plausible on its face.'" *Id.* at 544 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

*Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980). "This implied right of action only applies against the individual [officials] in their individual capacities." *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 380 (5th Cir. 1987). A federal official is entitled to qualified immunity unless the allegations in the complaint establish a violation of a constitutional right that was clearly established at the time of the alleged misconduct. *Gentilello*, 627 F.3d at 544 (citation omitted).

The Eighth Amendment requires that prison officials "provide humane conditions of confinement"; specifically, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation omitted). To state an Eighth Amendment claim based on prison conditions, a plaintiff must show a sufficiently serious deprivation, and must show that the relevant official or officials acted with deliberate indifference to inmate health or safety. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001) (citations omitted). "Deliberate indifference" means that the officials "(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and

(2) that they actually drew an inference that such potential for harm existed." *Id.* (quotation omitted).[3] But "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844. In other words, "prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." *Id.* at 845.

Even if the actions (or inaction) of the defendants did in fact violate the constitutional rights of the plaintiffs, qualified immunity shields them from personal liability unless these rights were "clearly established." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (citation omitted). "For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* (quotation omitted). "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (quotations omitted).

The complaint fails to adequately allege that either Lappin or Holder had knowledge of the alleged unconstitutional conditions at FCI Big Spring. The complaint does not recite a single fact that would establish that either Lappin or Holder actually received notice of the conditions. Instead, the complaint suggests that Lappin and Holder were aware of the conditions because they are "the governmental authorities charged with oversight of the United States Bureau of Prisons and FCI Big Spring." This is essentially a theory of

---

[3] Personal liability for an official also requires that he or she be personally responsible for the constitutional violation. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Because this overlaps with the Eighth Amendment's deliberate indifference requirement, it is not addressed separately in this opinion.

respondeat superior, which is not applicable in *Bivens* suits. *See Iqbal*, 556 U.S. at 676. In the absence of any facts showing that Lappin and Holder received notice, knowledge may not be imputed to them based on their supervisory positions.

Although it is a close question, we conclude that the complaint adequately alleges knowledge on the part of Edenfield. The complaint states that many of the plaintiffs filed administrative grievances concerning the alleged unconstitutional conditions. These grievances, along with Edenfield's presence at the prison and immediate responsibility for the prison, support a plausible inference that Edenfield actually received notice of the conditions. However, even if Edenfield was aware of the conditions, the complaint does not include sufficient facts to allow this court to draw the inference that she was deliberately indifferent to the plaintiffs' clearly established rights.

The plaintiffs do not suggest that Edenfield personally caused the overcrowding at FCI Big Spring or the alleged conditions related to it. Rather, they argue that she is liable because she was aware of the conditions but failed to address them. Relying on *Farmer v. Brennan*, 511 U.S. at 832, the plaintiffs argue that the Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement. Although this is true, *Farmer* requires only that prison officials act reasonably in dealing with prison conditions that they know to be dangerous or inhumane. Applying the doctrine of qualified immunity in the context of deliberate indifference, we conclude that the plaintiffs must plead facts from which we can infer that Edenfield responded to the conditions in a way that any reasonable official in her position would understand to be unacceptable.

There are numerous allegations in the complaint regarding the conditions at the prison. The plaintiffs connect every alleged inhumane condition to the broader condition of overcrowding. At no point have the plaintiffs explained

No. 12-10844

what Edenfield could have done to correct the overcrowding at FCI Big Spring, either in the complaint, in subsequent briefing, or at oral argument. The complaint alleges only that Edenfield "has taken no steps to remediate" the conditions. Without additional facts, we are unable to draw a reasonable inference that Edenfield is liable for the alleged harm to the plaintiffs.[4]

## CONCLUSION

Because the complaint does not include facts establishing that Lappin and Holder were aware of the alleged unconstitutional conditions at FCI Big Spring, or that Edenfield responded unreasonably to the conditions, the defendants are entitled to qualified immunity. The judgment of the district court is therefore AFFIRMED.

---

[4] Because we conclude that the plaintiffs' claims should be dismissed for the reasons explained above, we do not consider whether the conditions described in the complaint would violate the plaintiffs' Eighth Amendment rights, clearly established or otherwise. Similarly, we do not consider whether the doctrine of vicarious exhaustion could be used to excuse the failure of twenty plaintiffs to properly exhaust available administrative remedies.