# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10938
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 17, 2019

Lyle W. Cayce
Clerk

RYAN LEE LYONS; CRYSTAL LYNETTE LYONS,

      Plaintiffs - Appellants

v.

SELECT PORTFOLIO SERVICING INCORPORATED; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2006-WL1, Asset-Backed Certificates, Series 2006-WL1,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-3380

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

    Ryan and Crystal Lyons stopped paying their mortgage and the mortgagee, represented by Select Portfolio Servicing Inc., subsequently foreclosed. (For simplicity, we call the mortgagee and Select Portfolio Servicing

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10938

Inc. collectively "the Bank.")   The Lyonses sued, asserting that the Bank abandoned any attempt to accelerate the balance due on their loan.   We disagree and AFFIRM the district court's judgment.

The Lyonses purchased a home in 2005, executing a deed of trust and note for $194,846.00 to finance the purchase.   Sometime after, they stopped making payments on the note.

In November 2015, the Bank sent three communications to the Lyonses. The first was a notice of acceleration.   It informed the Lyonses that the Bank was accelerating "all sums due under the Note," which the Bank was entitled to do under the terms of the note and deed of trust.   The notice also told the Lyonses that the Bank had scheduled a foreclosure sale of the home for December 1st.

Two days later, the Bank sent a typical mortgage statement.   The statement included a disclaimer that it was "not an attempt to collect a debt" and was "sent for informational purposes only."   As mortgage statements usually do, the statement included information about the amount of outstanding principal: $180,234.48.   It also included a statement of other fees associated with the mortgage, which with the principal totaled $228,690.15.

A week later, the Bank sent the third communication, a notice of reinstatement.   It told the Lyonses that if they would pay their past-due amounts, as well as certain associated fees, their loan could be returned to its pre-acceleration status.   The total amount due to reinstate the loan was $67,581.72.

The Lyonses did not pay the reinstatement amount, the amount of the fully accelerated loan, or any other amount of money.  Deutsche Bank National Trust Company purchased the property at the foreclosure sale for $217,175.00.

Nearly two years later, the Lyonses sued Select Portfolio Servicing Inc. and Deutsche Bank for breach of contract, money had and received, unjust

enrichment, and wrongful foreclosure.  The district court granted judgment on the pleadings, concluding that none of the Lyonses' claims had merit.  After a de novo review, we agree with the district court.  *See Gentilello v. Rege*, 627 F.3d 540, 543 (5th Cir. 2010) (applying de novo review to judgment on the pleadings).

As the Lyonses have pleaded them, each claim depends on the mistaken theory that the Bank abandoned its attempt to accelerate the loan.  They concede that the notice of acceleration was valid.  But they argue that the monthly mortgage statement and reinstatement notice abandoned acceleration, citing various Texas cases.  *See, e.g.*, *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99 (5th Cir. 2015).  In those cases, a mortgagee accelerated a loan under the terms of the note and deed of trust but later "manifested an intent to abandon [the] previous acceleration."  *Id.* at 106.

In this case, the Bank never wavered from accelerating the loan.  It "continuously pursued . . . full payment on the note or to foreclose upon the property."  *See Fitzgerald v. Harry*, No. 2-02-330-CV, 2003 WL 22147557, at *5 (Tex. App.—Fort Worth Sept. 18, 2003, no pet.) (mem. op.); *see also Bank of N.Y. Mellon v. Maniscalco*, No. 1:15-CV-035, 2016 WL 3584423, at *3 (E.D. Tex. Mar. 3, 2016) (concluding that a reinstatement notice that is silent regarding acceleration does not manifest an intent to abandon acceleration).  It thus did not abandon acceleration.

The Lyonses believe the Bank abandoned acceleration because the monthly mortgage statement and reinstatement notice referenced different amounts from the original loan amount.  This argument is built on two mistaken assumptions.  First, it assumes that the acceleration notice was for only the original loan amount.  But the deed of trust granted the Bank authority to accelerate "the sums secured by" the deed of trust, which includes interest and other fees. Second, it assumes that the amounts referenced in the

3

mortgage statement and reinstatement notice were modifications to the acceleration amount.    But the amounts in the mortgage statement and reinstatement notice unambiguously refer to different calculations, not the acceleration amount.    The documents also explicitly state they were sent purely for informational purposes, not in an attempt to collect any debt.    The alleged conduct is thus unlike those instances when a bank explicitly stated it was abandoning acceleration or acted so inconsistently that it could be construed to have abandoned acceleration. *See Pitts v. Bank of N.Y. Mellon Trust Co.*, N.A, No. 05-17-00859-CV, 2018 WL 6716933, at *4–6 (Tex. App.—Dallas Dec. 21, 2018, no pet. h.) (collecting cases where a bank had abandoned acceleration and concluding that sending delinquency notices that referenced foreclosure followed by subsequent notices without any mention of foreclosure created a genuine issue of material fact regarding abandonment).    The Lyonses have not alleged that the Bank sent any other letters, nor have they identified any parts of the two documents from which a court could plausibly infer abandonment.

Because the Lyonses acknowledge that all their claims depend on the Bank improperly accelerating and because we determine that acceleration was proper, the Lyonses' claims fail.

AFFIRMED.

4