# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11046
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 4, 2019

Lyle W. Cayce
Clerk

GERARD N. MATZEN,

Plaintiff-Appellant

v.

MARSHA MCLANE, In Her Official and Individual Capacity as Executive
Director, Texas Civil Commitment Office; ERIC TURPIN, Mayor, City of
Littlefield, Individual Capacity; TINA KOVAR, Facility Director, In Her
Official and Individual Capacity,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:16-CV-43

Before BENAVIDES, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Gerard N. Matzen, who was determined to be a Texas sexually violent
predator, appeals the partial judgment under Federal Rule of Civil Procedure
54(b) dismissing his 42 U.S.C. § 1983 claims against Marsha McLane, the
executive director of the Texas Civil Commitment Office, in her individual and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

official capacities, for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). He also appeals the partial judgment dismissing his claims against Tina Kovar, the facility director of the Texas Civil Commitment Center, and Eric Turpin, the Mayor of the City of Littlefield, in their individual capacities under Rule 12(b)(6).

Although Matzen argues that the district court erred in dismissing his claims against McLane pursuant to Rule 12(b)(1), we need not address those arguments because Matzen has failed to show the district court erred in dismissing his claims under Rule 12(b)(6). We review de novo the district court's grant of a Rule 12(b)(6) motion. *McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017).

To the extent Matzen argues that McLane violated his Fourteenth Amendment due process rights by subjecting him to prison-like conditions at the Texas Civil Commitment Center, he has failed to show how those conditions "lacked a reasonable relation to Texas's twin goals of long-term supervision and treatment of sexually violent predators." *Brown v. Taylor*, 911 F.3d 235, 243 (5th Cir. 2018) (internal quotation marks and citations omitted). Moreover, "restrictive conditions alone do not state a due process claim." *Id.* Accordingly, Matzen has failed to set forth sufficient facts to state a Fourteenth Amendment due process claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Brown*, 911 F.3d at 243-44.

Similarly, Matzen has not stated a cognizable First Amendment claim against McLane. Matzen argues that McLane violated his First Amendment right to associate by not allowing him to "contact any person without first obtaining permission" and by not allowing him to vote in person during the 2016 election. However, Matzen admitted that "the civil commitment law in

No. 17-11046

Texas has changed in regards to [a sexually violent predator's] contact" and that he was allowed to vote through absentee ballot.  Matzen has not shown that the alleged restrictions lacked a reasonable relationship with the state's interests of rehabilitation and security.  *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987); *Ahlers v. Rabinowitz*, 684 F.3d 53, 64 (2d Cir. 2012).

Assuming arguendo that Matzen has a substantive due process right to adequate sex offender treatment while committed, *see Sharp v. Weston*, 233 F.3d 1166, 1172 (9th Cir. 2000), his complaint nevertheless failed to state a viable claim for inadequate treatment.  While Matzen alleged that his therapists did not display a sex offender treatment license, speculated that they were not licensed sex offender therapists, and concluded that his treatment was inadequate, he did not allege that the treatment he was provided was ineffective or failed to give him an opportunity to be cured and released.  The speculative and conclusory assertions and legal conclusions alleged by Matzen were insufficient to state a viable claim.  *See Iqbal*, 556 U.S. at 678-79; *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).

Matzen has not briefed any argument renewing his remaining claims against McLane or his claims against Kovar and Turpin in their individual capacities.  By failing to brief any argument renewing these claims, Matzen has abandoned them.  *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Finally, Matzen asserts that he should have been given an opportunity to amend his § 1983 complaint.  The record reflects that Matzen filed a lengthy response to McLane's motion to dismiss.  Even with his response, Matzen's claims were found to be inadequate, demonstrating that he had already alleged

No. 17-11046

his best case and that any further amendment would not have stated a valid § 1983 claim. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

The judgments of the district court are AFFIRMED.