# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 2, 2021

Lyle W. Cayce
Clerk

No. 20-40251
Summary Calendar

WILLIAM J. WELLS,

*Plaintiff—Appellant*,

*versus*

BRYAN COLLIER; KEVIN WHEAT; GREGORY VAUGHN,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:17-CV-80

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

William J. Wells, Texas prisoner # 899684, filed this 42 U.S.C. § 1983 suit to seek redress after he was exposed to unhygienic conditions at the prison and became ill. He appeals the district court's grant of the defendants' Federal Rule of Civil Procedure 12(c) motion, arguing that the district court

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40251

erred by dismissing his suit because his claims were valid, because it was timely, and because he showed the defendants' personal involvement. He does not address the district court's conclusion that the defendants were entitled to Eleventh Amendment immunity and thus has waived any challenge he may have had to this determination. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Review of the district court's grant of a Rule 12(c) motion for judgment on the pleadings is under the same de novo standard as is used for a ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010). A motion to dismiss will not be granted if the complaint raises a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is properly dismissed if it does not state sufficient facts to set forth a plausible claim or if the claims it raises are merely speculative. *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012).

To raise a viable § 1983 claim, one must show that a state actor infringed his constitutional rights. *Pratt v. Harris Cnty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016). Because Wells made only conclusional assertions concerning the defendants' involvement in the events underlying his suit, there is no error in connection with the district court's dismissal of his suit, and it is unnecessary to consider his timeliness arguments. *See Romero v. Brown*, 937 F.3d 514, 523-24 (5th Cir. 2019). The district court's judgment is AFFIRMED.