# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2022

Lyle W. Cayce
Clerk

No. 21-20097
Summary Calendar

---

Clifton Lamar Taylor,

*Plaintiff—Appellant*,

*versus*

Sandra Poffinbarger; Calvin Simmons; Arnel Chan; Dr. Kelly Carmichael,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-2428

---

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Clifton Lamar Taylor, Texas prisoner # 2045987, filed a 42 U.S.C. § 1983 civil rights lawsuit against Calvin Simmons, an employee at the Estelle Unit where Taylor was housed, and Sandra Poffinbarger, Arnel Chan, and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20097

Dr. Kelly Carmichael, who are employees of the University of Texas Medical Branch, complaining that they had been deliberately indifferent to his serious medical needs after Taylor broke a bone in his foot.  The district court granted judgment on the pleadings in favor of Poffinbarger, Chan, and Simmons pursuant to Federal Rule of Civil Procedure 12(c) and also granted Dr. Carmichael's motion for summary judgment and dismissed Taylor's complaint.

Taylor reiterates his claims and asserts that the district court erred by granting the Rule 12(c) motion and the motion for summary judgment.  We review de novo the district court's rulings on these motions.  *See Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010); *see also McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

The nature of Taylor's allegations against Poffinbarger, as set forth in his complaint, is a challenge to the medical judgment she exercised when treating and accessing his foot injury, which does not give rise to a constitutional violation.  *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).  Regarding Chan, Taylor alleged only that Chan did not inform Taylor of his X-ray results until 24 days after the procedure, but Taylor did not articulate facts alleging that Chan refused treatment, ignored complaints, intentionally treated Taylor incorrectly, or showed a wanton disregard for his health.  *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  Taylor's allegations related to Simmons amount of negligence or a failure to ascertain a perceptible risk, rather than deliberate indifference, which likewise does not state a cognizable claim for relief.  *See Gobert*, 463 F.3d at 346; *see also Domino*, 239 F.3d at 756.  Accordingly, the district court did not err by granting these defendants' Rule 12(c) motion.  *See Gentilello*, 627 F.3d at 543-44.

No. 21-20097

Taylor's complaint against Dr. Carmichael is, at best, one of mistake, negligence, or malpractice, not deliberate indifference, given that Taylor alleges primarily that the physician improperly concluded that Taylor's foot had healed on a certain date when a later X-ray showed that his foot was still in the process of healing. *See Gobert*, 463 F.3d at 346. The district court did not err by granting Dr. Carmichael's motion for summary judgment. *See* FED. R. CIV. P. 56(a).

Additionally, Taylor asserts that the district court erred by denying his motion to supplement his summary judgment motion with new evidence. Even if the district court abused its discretion in denying the motion, Taylor has not established substantial prejudice; we therefore will not disturb the district court's ruling. *See Huynh v. Walmart Inc.*, 30 F.4th 448, 457-58 (5th Cir. 2022). Finally, Taylor has not shown exceptional circumstances warranting the appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212, 213 (5th Cir. 1982).

Accordingly, the district court's judgment is AFFIRMED. Taylor's motion for the appointment of counsel is DENIED.