# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 9, 2023

Lyle W. Cayce
Clerk

———————

No. 22-50918

———————

Jane Doe AW,

*Plaintiff—Appellant*,

*versus*

Burleson County, Texas,

*Defendant—Appellee*,

———————————————————————

Jane AW Doe,

*Plaintiff—Appellant*,

*versus*

Burleson County, Texas,

*Defendant—Appellee.*

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 1:20-CV-126, 1:20-CV-14

———————————————————

Before Southwick, Engelhardt, and Wilson, *Circuit Judges*.

Kurt D. Engelhardt, *Circuit Judge*:

No. 22-50918

This case turns on whether a county official, alleged to have sexually assaulted a county employee, possessed final policymaking authority sufficient to hold the county liable under 42 U.S.C. § 1983. Because the Court holds that the official here lacked final policymaking authority over the specific area implicated by the employee's allegations, we AFFIRM the judgment of the district court dismissing the Section 1983 claim against the county.

## I. Factual and Procedural Background

Plaintiff Jane Doe AW, a former criminal clerk in the Burleson County Attorney's Office, alleged that Burleson County Judge Mike Sutherland used his power and authority as a county judge to sexually assault her on several occasions. Doe claimed that Sutherland sexually assaulted her once in his restaurant, Funky Junky, LLC ("Funky Junky"), and twice in his office. According to Doe, when she complained to Sutherland about the abuse, she was terminated from her job. Sutherland later resigned from his position as County Judge pursuant to a voluntary agreement before the State Commission on Judicial Conduct.

After consolidation, transferred venue, and an amended complaint, Doe ultimately asserted claims under 42 U.S.C. § 1983 and for sexual assault, vicarious liability, and intentional infliction of emotional distress against three defendants: Funky Junky, Sutherland, and Burleson County (the municipality). On report and recommendation of the Magistrate Judge, the district court dismissed the vicarious liability claims against Funky Junky with prejudice under Federal Rule of Civil Procedure 12(b)(6). The district court denied the other defendants' initial dispositive motions.

On November 6, 2020, Burleson County moved for summary judgment on Doe's Section 1983 claim against it. The district court initially adopted the Magistrate Judge's recommendation that Burleson County's

motion for summary judgment be denied. In the interim, the parties consented to the referral of their case to the Magistrate Judge for trial purposes. On December 10, 2020, Doe settled with Sutherland, and the district court dismissed her claims against him, as well as the remaining claims against Funky Junky, with prejudice. As a result, Burleson County filed a motion for reconsideration concerning the denied motion for summary judgment, which the Magistrate Judge granted based on Doe's recent settlement with Sutherland. The Magistrate Judge entered final judgment, dismissing with prejudice Doe's claims against Burleson County.

The very next day, the Magistrate Judge set aside that final judgment. The Magistrate Judge then issued a new order denying Burleson County's motion for summary judgment and setting the case for trial. The first jury trial resulted in a mistrial, after the removal of two jurors from the panel based on conversations those jurors had with Doe. At the pretrial conference for the second jury trial, Doe claims that the Magistrate Judge denied Doe's challenge of a juror for cause, stating "I am inclined only to grant a strike for cause if both sides agree to it."[1]

Before the second trial date, the Magistrate Judge ordered briefing and heard argument on the issue of whether Sutherland, as Burleson County Judge, had final policymaking authority for purposes of Doe's claim against

---

[1] Doe describes the jury selection issue as if there were two separate trials and two separate jury selections. However, the record clearly shows that the second trial date was vacated, and thus, the trial never occurred. The transcript Doe cited for the Magistrate Judge's comment regarding challenges for cause appears to be from the final pretrial conference for the second trial. The Court views the argument surrounding the jury selection issue as follows: Doe made a challenge for cause at the original trial, the Magistrate Judge denied the challenge, and later at the pretrial conference for the second trial, the Magistrate Judge made the above-quoted statement regarding her preferred way to handle challenges for cause, in preparation for the anticipated jury selection at the second trial.

Burleson County. The Magistrate Judge concluded that Sutherland "did not have final policymaking authority for any area relevant to [Doe's] claim against Burleson County," and therefore, "no claim asserted by [Doe] remains to be tried." The Magistrate Judge therefore vacated the second trial setting and allowed Burleson County to file a second motion to dismiss.

On September 14, 2022, the Magistrate Judge granted Burleson County's Federal Rule of Civil Procedure 12(c) motion and dismissed Doe's remaining claim with prejudice. The Magistrate Judge found that Doe failed to identify any provision of Texas law that delegates final policymaking authority to Sutherland as it relates to Doe's claim, and thus, Doe had insufficiently pled a Section 1983 claim against Burleson County. The district court entered final judgment, ordering that Doe take nothing against Burleson County. Doe timely appealed the judgment.

## II. Standard of Review

"We evaluate a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010). Thus, this Court reviews a dismissal on the pleadings de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (citation omitted); *Romero v. Brown*, 937 F.3d 514, 519 (5th Cir. 2019). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (citation omitted) (alteration in original).

## III. Analysis

Doe raises three issues on appeal: (1) whether Sutherland, as the Burleson County Judge, was a policymaker with final decision-making

authority for Burleson County with respect to Doe's claim; (2) whether the Magistrate Judge abused her discretion when she reversed and vacated a prior order on a dispositive motion; and (3) whether the Magistrate Judge erred in indicating that she would deny a party's challenge for cause unless the parties agreed on the challenge.

Turning to the first issue, Doe argues that Burleson County is liable under Section 1983 because Sutherland, while County Judge, violated Doe's constitutional rights by sexually assaulting her on multiple occasions. We conclude that Sutherland did not possess final policymaking authority in any area relevant to Doe's claim, and therefore, affirm the district court's judgment for Burleson County.

Burleson County, as a municipality, is only liable for the actions of its employees when an official policy or custom causes the plaintiff's injury. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691–94 (1978); *see City of St. Louis v. Praprotnik*, 485 U.S. 112, 122 (1988) ("Aware that governmental bodies can act only through natural persons, the Court concluded that these governments should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights."); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) ("[T]he unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur."). Accordingly, to succeed on a *Monell* claim, a plaintiff must show "that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Davidson v. City of Stafford, Texas*, 848 F.3d 384, 395 (5th Cir. 2017), *as revised* (Mar. 31, 2017) (citing *Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015)).

In some cases, where there may not be an express policy or custom in place to satisfy the first element of a *Monell* claim, the plaintiff can instead

allege that the action of a single "policymaker" caused the injury. "In rare circumstances, a single unconstitutional action may be sufficient to impose municipal liability if undertaken by the municipal official or entity possessing final policymaking authority for the action in question." *Id.* (citation and internal quotation marks omitted); *City of St. Louis v. Praprotnik*, 485 U.S. at 123 ("[A]n unconstitutional governmental policy could be inferred from a single decision taken by the highest officials responsible for setting policy in that area of the government's business."). But "only those municipal officials who have 'final policymaking authority' may by their actions subject the [municipality] to § 1983 liability." *City of St. Louis v. Praprotnik*, 485 U.S. at 123.

"A final policymaker is one that has the responsibility for making law or setting policy in any given area of a local government's business"—in other words, "one that decides the goals for a particular city function and devises the means of achieving those goals." *Sweetin v. City of Texas City, Texas*, 48 F.4th 387, 392 (5th Cir. 2022) (cleaned up). "When a final policy maker makes the relevant decision, and when that decision is within the sphere of the policy maker's final authority, the existence of a well-established, officially-adopted policy will not insulate the municipality from liability." *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996) (citation and internal quotation marks omitted). And "whether a particular official has 'final policymaking authority' is a question of state law." *City of St. Louis v. Praprotnik*, 485 U.S. at 123 (emphasis removed). Accordingly, Doe's claim against Burleson County turns on whether Sutherland possessed final policymaking authority under Texas law for the actions in question.

In support of her claim, Doe points solely to the provision of the Texas Constitution that sets up the County Commissioners Court, asserting that this provision gives a county judge, as "presiding officer" of the court, final authority "over all county business." TEX. CONST. art. V, § 18(b).

Sutherland, before his resignation, was the County Judge for Burleson County. As this Court explained in *Daves v. Dallas County, Texas*, "the Texas constitution's county judges have such judicial functions as provided by law. The judge also presides over the county's five-member governing body. Thus, that county judge is not a judicial officer only. There are various executive and ministerial functions conferred as well." 22 F.4th 522, 535 (5th Cir. 2022) (cleaned up). "In addition to his judicial duties, a Texas county judge is charged by the state constitution and statutes with the performance of numerous executive, legislative and administrative chores in the day-to-day governance of the county." *Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980). "Thus, at least in those areas in which he, alone, is the final authority or ultimate repository of county power, his official conduct and decisions must necessarily be considered those of one 'whose edicts or acts may fairly be said to represent official policy' for which the county may be held responsible under section 1983." *Id.* (quoting *Monell*, 436 U.S. at 694). The question, then, is whether the factual scenario here involves an area in which Sutherland "alone" had the final say over policymaking.

The answer is clear: despite his position as County Judge, Sutherland lacked the requisite policymaking authority to hold Burleson County liable for his alleged sexual misconduct. *Monell* requires that "the municipal official . . . possess[] final policymaking authority for *the action in question*." *Davidson*, 848 F.3d at 395 (emphasis added) (citation and internal quotation marks omitted). Even if the Texas constitutional provision gave Sutherland, as County Judge, broad ability to oversee operations in the county, this authority is immaterial because Doe fails to establish that Sutherland possessed the requisite authority as it relates specifically to the alleged sexual abuse (i.e., the basis for Doe's *Monell* claim). Besides there being no "policy" to shoehorn Doe's allegations into, it is hard to imagine that Sutherland would be considered the "ultimate repository of county power" if he engages

in independent, private sexual assault against another.[2] *See Familias Unidas*, 619 F.2d at 404. As the Magistrate Judge correctly noted, Doe cannot "identify Sutherland's sphere of final policymaking authority" through which *Monell* liability could attach to Burleson County here. *See Webb v. Town of Saint Joseph*, 925 F.3d 209, 217 (5th Cir. 2019) ("A true policymaker must decide the goals for *a particular city function* and devise the means of achieving those goals.") (emphasis added) (citation and internal quotation marks omitted). Doe's claim seems to sound instead in *respondeat superior*, but this is an impermissible theory upon which to base a *Monell* claim. *See Sweetin*, 48 F.4th at 392 ("But a city cannot be held liable under § 1983 on a *respondeat superior* theory of liability."); *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 366 (5th Cir. 2020) (holding school district was not liable under Section 1983 for employees' acts of sexual abuse so as to "avoid imposing *respondeat superior* liability, which the Supreme Court has rejected in the [Section] 1983 context").

Ultimately, this is a square-peg-round-hole case: Doe simply cannot make the facts fit the theory of liability. In sum, the broad ability to make decisions (along with the rest of the commissioner's court) for the county's business generally is distinguishable from Sutherland's personal responsibility for his alleged sexual misconduct against an employee of the

---

[2] Doe alleges that Sutherland was "acting under the color of law each and every time he summoned her to come to his county judge's office, alleging the need to assist him with county business, like notarizing documents and picking up documents." Appellant's Br. at 10. Regardless of the reason Sutherland may have used to entice Doe into his office, and even if he had the authority to so summon her (a point of contention between the parties), this does not change our conclusion that Sutherland was not acting as a final policymaker at the relevant time. Rather, Doe's allegations concern Sutherland engaging in his own independent misconduct, unrelated to his position as County Judge. As noted above, Doe also fails to connect this misconduct to a particular area of policymaking over which Sutherland had the requisite authority. Neither the location of certain incidents of alleged sexual assault nor the title Sutherland held as County Judge alter this conclusion.

County Attorney's Office.[3] Not only is there no Texas law delegating authority to county judges to establish personnel policies in various offices, there is also a complete lack of connection between Sutherland's own alleged misconduct and official policymaking under *Monell*.[4] *See Webb*, 925 F.3d at 220 ("A common thread running throughout the Supreme Court's and our own caselaw on municipal liability is that such liability is limited to action for which the municipality is actually responsible.") (citation and internal quotation marks omitted). Doe fails to establish that Sutherland had the requisite final policymaking authority to hold Burleson County liable for his actions here, regardless of his general ability to make decisions regarding

---

[3] The Burleson County Attorney, Susan Deski, testified that she alone has authority over "the day-to-day operations of the Office of the Burleson County Attorney including hiring and firing decisions related to personnel. The Burleson County Judge . . . [has] no oversight or authority over the operation of the Burleson County Attorney's Office." Deski Aff. 1–2. Deski also stated that, to her knowledge, there was no statutory authority requiring—or even allowing—the Burleson County Judge to set policy for her office. *Id.* at 2. Even further, the Burleson County Judge appointed to fill Sutherland's vacancy stated that he has policymaking authority over his own office, which includes himself and one secretary, but that he has no authority over other offices, such as the County Attorney's Office. Schroeder Aff. 1–2. While this testimony alone cannot resolve the issue here, the two verified affidavits, taken together with the lack of Texas law supporting Doe's arguments, further demonstrate that Sutherland lacked the requisite authority to impose *Monell* liability on Burleson County here. *See Covington v. City of Madisonville, Texas*, No. 22-20311, 2023 WL 5346375, at *2 (5th Cir. Aug. 18, 2023) (approving district court's holding that declaration by police chief corroborated finding of lack of final policymaking authority).

[4] Doe also cites to the employment policy on harassment issued by the County Attorney's Office, which lays out procedures for reporting harassment and filing claims, but the policy does not indicate that the County Judge created it, implemented it, or has final say over its enforcement. The policy instead lists the County Judge as a possible person to report to and as an aid for investigative purposes. The employment policy therefore does not help Doe's case.

county business. Thus, the district court correctly dismissed Doe's Section 1983 claim against Burleson County.[5]

As to the second and third issues Doe raises on appeal, the Court holds that Doe's arguments are frivolous. Even if the issues were adequately briefed and therefore not waived, *United States v. Lindell*, 881 F.2d 1313, 1325 (5th Cir. 1989), Doe does not—and cannot—point to any valid legal basis to support her arguments. These arguments are thus dismissed as frivolous.

## IV. Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[5] Doe conceded at the district court that if Sutherland is not considered the final policymaker for the county, she lacks a viable claim against Burleson County.