# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20815

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2019

Lyle W. Cayce
Clerk

STEVEN WALLACE HOPKINS,

Plaintiff–Appellant,

v.

KIM OGG; ED GONZALEZ; GREG ABBOTT, GOVERNOR OF THE STATE OF TEXAS, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; KEN PAXTON; PUEBLO COUNTY SHERIFF'S OFFICE, PTS OF AMERICA, L.L.C.; DEVON ANDERSON,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-3423

Before STEWART, Chief Judge, and JONES and OWEN, Circuit Judges.

PER CURIAM:[*]

Steven Wallace Hopkins, a pretrial detainee at the Harris County, Texas Jail, appeals the dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) of his 42 U.S.C. § 1983 complaint for failure to state a claim.  He has also moved for the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appointment of counsel and to amend his complaint to add additional parties. We affirm the district court's dismissal and deny Hopkins's motions.

## I

Steven Wallace Hopkins, a pretrial detainee at the Harris County Jail, SPN # 02864869, filed a pro se civil rights complaint against Kim Ogg, the Harris County, Texas District Attorney; Devon Anderson, the former Harris County District Attorney; Ed Gonzalez, the Harris County Sheriff; Greg Abbott, the Governor of Texas; Ken Paxton, the Attorney General of Texas; the Pueblo County, Colorado Sheriff's Office; Prisoner Transportation Services (PTS) of America, LLC; and five unnamed PTS of America employees. He sought declaratory and injunctive relief, as well as monetary damages. Hopkins then moved to amend his complaint to add individuals from the Public Defender's office as defendants.

In his complaint, Hopkins alleged that on an unspecified date Anderson filed a "bogus" charge against him. As a result of this filing, Hopkins was "falsely arrest[ed]" on August 26, 2016, by the Pueblo County Sheriff's Office. Despite being "informed of [his] medical condition," the arresting officers "threw [him] on the floor" and "pull[ed] his right arm forcefully behind his back." Hopkins claimed that he "hit his head on the bed" and "injur[ed] his right shoulder."

Five PTS of America employees then "kidnap[ed]" Hopkins and transported him from Pueblo, Colorado, to the Harris County Jail in Houston, Texas. Hopkins alleged that he was forced to ride in a "van with solid seats" while in "leg irons [] and handcuffs." Even though he was dressed in a t-shirt and shorts, Hopkins was not provided blankets for warmth. Hopkins also claimed that he was provided an inadequate quantity of food and water. During the trip, Hopkins was detained during "pit stops" at various county

jails.  He maintained that his personal items and legal paperwork were left behind at a jail in Charleston, Missouri.  On November 25, 2016, Hopkins arrived at the Harris County Jail.

Hopkins alleged that he was denied access to a law library from August to November 2016.  According to Hopkins, Ogg continued to prosecute him even though she knew that the charge against him was false.  Sheriff Gonzalez illegally confined Hopkins in the Harris County Jail on the unconstitutional charge.  Governor Abbott was also responsible for his illegal confinement.

The district court, acting sua sponte, dismissed Hopkins's § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  In doing so, the district court concluded that "Hopkins's claims on his arrest, prosecution, and confinement" were barred by *Heck v. Humphrey*.[1]  The district court further concluded that Hopkins's remaining claims did not assert a constitutional violation because they were "minor" and "short-lived."  Hopkins filed a timely notice of appeal. He challenges the district court's dismissal of his § 1983 complaint for failure to state a claim upon which relief may be granted.  He also moves for the appointment of counsel and to amend his complaint to add additional parties.

We review the dismissal de novo.[2]  A complaint fails to state a claim upon which relief may be granted when it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[3]  A claim is facially plausible if the plaintiff pleads facts that allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4]

---

[1] 512 U.S. 477 (1994).

[2] *See Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citation omitted).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

[4] *Id.* (citation omitted).

All well-pleaded facts are viewed in a light most favorable to the plaintiff.[5] However, this court will "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."[6]

As a preliminary matter, the district court apparently did not consider Hopkins's claims against Devon Anderson, PTS, and PTS employees when dismissing Hopkins's case. The defendants were named in Hopkins's complaint but never served, and the district court did not mention them in its opinion. However, under § 1915(e)(2)(B)(ii), the district court was entitled to dismiss the entire case at any time for failing to state a claim, and having considered *all* of Hopkins's claims, the district court's judgment should be affirmed.[7]

## II

Hopkins contends that his personal items and legal paperwork were left at the Mississippi County Jail in Charleston, Missouri, and that the employees of the jail have since disposed of his property. "Under the *Parratt/Hudson* doctrine, a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy."[8] The *Parratt/Hudson* doctrine protects the State from liability under § 1983 for failures to provide pre-deprivation due process in situations in which the State cannot anticipate the random and

---

[5] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[6] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citation omitted).

[7] *LLEH, Inc. v. Wichita County*, 289 F.3d 358, 364 (5th Cir. 2002) (citation omitted) ("[W]e may affirm for reasons other than those relied upon by the district court.").

[8] *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (internal quotation marks omitted) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986); *Zinermon v. Burch*, 494 U.S. 113, 115 (1990)).

unauthorized actions of its officers.[9]  The burden is on the plaintiff to show that the State's post-deprivation remedy is inadequate.[10]  Hopkins has made no such showing.[11]  Moreover, to the extent Hopkins seeks damages from the employees of the Mississippi County Jail, those employees were not named as a party in his lawsuit.  Therefore, Hopkins has not demonstrated that the district court erred in dismissing his loss-of-property claim for failure to state a claim.[12]

## III

Similarly unavailing is Hopkins's argument that he was "denied access to [the] court [and] law library."  This argument is conclusory and insufficient to support a cognizable claim for denial of access to the courts.[13]  Even if this court assumes that Hopkins has adequately briefed the issue in his notice of appeal, he has not shown that he is entitled to relief on this claim.

A prisoner's right of access to the courts is limited to "the ability of an inmate to prepare and transmit a necessary legal document to a court."[14]  In addition, a prisoner must show that "his position as a litigant was prejudiced by his denial of access to the courts."[15]  Hopkins has made no showing of prejudice as he does not explain how he would have proceeded with access to a law library, what claims he would have raised, or how those claims would have

---

[9] *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

[10] *Id.*

[11] *See id.*

[12] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[13] *See Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010); *Terry v. Hubert*, 609 F.3d 757, 761-62 (5th Cir. 2010).

[14] *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (citation omitted); *see also Terry*, 609 F.3d at 761-62 (reiterating the same principle in a pretrial detainee case).

[15] *Eason*, 73 F.3d at 1328 (citation omitted); *see also Terry*, 609 F.3d at 762 (concluding that plaintiff/pretrial detainee failed to show that he was denied access to the courts when "he was not prejudiced in his ability to file a legally sufficient claim").

No. 17-20815

been meritorious. Accordingly, Hopkins has not established that the district court erred in dismissing his claim for denial of access to the courts.[16]

## IV

For the first time on appeal, Hopkins asserts that he was denied medical care for the injuries he suffered during his arrest and an illness he suffered while confined in the Mississippi County Jail. Because he did not raise a denial-of-medical-care claim in the district court, we will not consider it on appeal.[17]

## V

Hopkins does not brief any argument involving his allegations pertaining to the excessive use of force and his conditions of confinement. By failing to brief any argument regarding these claims, Hopkins has abandoned them on appeal.[18]

## VI

In *Heck*, the Supreme Court directed that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal" or otherwise invalidated by official action.[19] If a pretrial detainee brings claims that may ultimately be barred by *Heck*, the best practice is for the district court to stay the proceedings until the pending

---

[16] *See Iqbal*, 556 U.S. at 678; *Terry*, 609 F.3d at 762; *Eason*, 73 F.3d at 1328.

[17] *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (citations omitted) (noting that, absent extraordinary circumstances, this court will not consider claims raised for the first time on appeal).

[18] *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008); *Brinkmann v. Dall. Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

[19] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

criminal case is resolved.[20]  The Harris County District Clerk website indicates that Hopkins was convicted of aggravated sexual assault of an elderly or disabled victim on March 8, 2019.  Hopkins's appeal is currently pending in state court.  Accordingly, the district court's *Heck* ruling was premature, and the court should have stayed Hopkins's § 1983 lawsuit until his pending criminal case was resolved.

However, Hopkins does not mention, much less meaningfully address, the district court's *Heck* bar analysis in his appellate brief.  Although Hopkins briefly mentioned *Heck* in his Notice of Appeal, he simply asserted that as of the time the district court dismissed his appeal "there has been no conviction to overturn thus nullifying *Heck*," but failed to otherwise provide analysis or argument, and has not contended that the district court should have stayed the proceedings in its court.  When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue.[21]  Although this court liberally construes pro se briefs, "even pro se litigants must brief arguments in order to preserve them."[22]  Accordingly, Hopkins has abandoned any challenge to the district court's determination that his claims are *Heck* barred.[23]

\*     \*     \*

For the foregoing reasons, the district court's judgment is AFFIRMED, and Hopkins's motions for the appointment of counsel and to amend his complaint to add parties are DENIED.

---

[20] *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

[21] *Brinkmann*, 813 F.2d at 748.

[22] *Mapes*, 541 F.3d at 584 (citing *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) and FED. R. APP. P. 28(a)(9)).

[23] *See id.*; *see also Brinkmann*, 813 F.2d at 748.