# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2020

Lyle W. Cayce
Clerk

No. 19-50304
Summary Calendar

MICKERSON CHERY,

*Plaintiff—Appellant*,

*versus*

*Sergeant* JOHNNY L. JACKSON; GRIEVANCE DEPARTMENT VICKI
CUNDIFF,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CV-5

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.
PER CURIAM:*

Plaintiff-Appellant Mickerson Chery, Texas prisoner # 1582984, appeals the dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). He asserts that (1) Defendant-

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-50304

Appellee Sergeant Johnny Jackson showed deliberate indifference to his serious medical needs by falsely telling a nurse that he was no longer on a hunger strike, (2) Sergeant Jackson retaliated against him for filing a grievance, and (3) Defendant-Appellee Grievance Investigator Vicki Cundiff failed to process his grievance properly. Our review is de novo. *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998). We hold a pro se litigant's complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Chery did not support his claim that Sergeant Jackson was deliberately indifferent to his serious medical needs by alleging clear and consistent facts, in particular with regard to when he first learned of Sergeant Jackson's statement to the nurse, the duration of the hunger strikes, and why he did not seek medical care sooner. *See Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010); *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) ("Deliberate indifference is an extremely high standard to meet."). Chery's retaliation claim fails because it lacks direct evidence of retaliatory motive or a chronology of events from which retaliation could plausibly be inferred. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (noting that retaliation claims must be "carefully scrutinize[d]"). Chery's claim regarding Grievance Investigator Cundiff's failure to process his grievance properly fails because there is no constitutionally protected interest in the processing of grievances. *See Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005). Finally, Chery has abandoned any challenge to the district court's dismissal of his claims for monetary damages against the defendants in their official capacities. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The district court's judgment is affirmed, and Chery is cautioned that dismissal of his complaint by the district court counts as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996),

No. 19-50304

*abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015). He is further cautioned that, once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.