# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2021

Lyle W. Cayce
Clerk

No. 20-20403

Robert G. Arwady; Samuelia D. Arwady,

*Plaintiffs—Appellants,*

*versus*

Tommy Ho; Jane Doe Ho; United States of America,

*Defendants—Appellees.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-3195

Before Wiener, Elrod, and Higginson, *Circuit Judges.*
Per Curiam:*

Robert and Samuelia Arwady appeal the dismissal of their Fourth Amendment false-arrest claim against Tommy Ho and their Federal Tort Claims Act negligence claim against the United States. Because Mr. and Mrs. Arwady fail to state a false-arrest claim, and because the United States has sovereign immunity on their negligence claim, we AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20403

I.

Until 2006, Robert Arwady sold firearms through his business Arwady Hand Truck Sales, a federally licensed firearms dealer. The Bureau of Alcohol, Tobacco, Firearms and Explosives revoked Arwady Hand Truck Sales's license in 2006. In 2007, Mr. Arwady transferred the remaining inventory of firearms to himself. Mr. Arwady then began selling those firearms by arranging deals for each sale through other federally licensed firearms dealers. Mr. Arwady would transfer his firearm to a dealer, and the dealer would then sell the firearm to the ultimate buyer.

In 2009, ATF began investigating Mr. Arwady for these sales. It attempted to purchase a firearm directly from him through a controlled purchase by an undercover officer. Mr. Arwady refused to sell directly to the undercover officer.

Tommy Ho, an agent for ATF, obtained a search warrant from Magistrate Judge Calvin Botley. When agents executed the warrant, they recovered business records and 165 firearms.

At some point after the seizure, the government initiated a civil forfeiture case against those firearms. The district court ultimately dismissed the case in October 2012 because it had "been pending for almost three years," and "because the government intend[ed] to seek an indictment that would include forfeiture counts identical to the civil forfeiture claims in this action." Order, *United States v. 165 Firearms*, No. 4:09-CV-3622 (S.D. Tex. Oct. 5, 2012), ECF No. 63.

On February 27, 2014, a grand jury indicted Mr. Arwady on eight counts related to the sales of firearms he conducted after Arwady Hand Truck Sales lost its license. United States Marshals arrested Mr. Arwady on March 6, 2014. Mr. Arwady pleaded not guilty to a superseding indictment.

No. 20-20403

The United States subsequently dismissed six of the counts. Mr. Arwady was found not guilty on the remaining two counts on October 21, 2015.

In two installments over the next five months, the government returned 160 of the 165 firearms it had seized from Mr. Arwady. Many of the firearms were damaged or missing parts and accessories. The firearms that had been "new in the box" had been removed from their original boxes.

Mr. and Mrs. Arwady filed a *pro se* civil complaint against Agent Ho and the United States.[1] After Mr. and Mrs. Arwady obtained counsel, they amended their complaint, asserting Fourth Amendment claims against Agent Ho and various Federal Tort Claims Act claims against the United States. The district court dismissed Mr. and Mrs. Arwady's amended complaint, concluding that the Fourth Amendment and most of the Federal Tort Claims Act claims were time-barred. The district court also concluded that Mr. and Mrs. Arwady failed to state a claim against the United States for damage to Mr. Arwady's firearms, but it allowed Mr. and Mrs. Arwady to amend their complaint once more as to that claim only.

Mr. and Mrs. Arwady filed a second amended complaint naming only the United States as a defendant and stating a single Federal Tort Claims Act claim for negligence in storing and handling Mr. Arwady's firearms. The district court dismissed that claim as barred by sovereign immunity. The district court also reconsidered its basis for dismissing Mr. and Mrs. Arwady's Fourth Amendment claims, but once more dismissed the claims as time-barred.

---

[1] The complaint also named a Jane Doe Ho, who was alleged to be the unidentified wife of Agent Ho. The Jane Doe was never identified.

No. 20-20403

## II.

Mr. and Mrs. Arwady timely appealed the districts court's 12(b)(6) dismissal of: (1) their Fourth Amendment claim for the false arrest of Mr. Arwady against Agent Ho; and (2) their Federal Tort Claims Act claim against the United States for negligently damaging Mr. Arwady's firearms. *See* Fed. R. Civ. P. 12(b)(6). We review orders to dismiss for failure to state a claim *de novo*. *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020).

### A.

As to the Fourth Amendment false-arrest claim, both parties agree that the district court erred by dismissing it as time-barred. Because the statute of limitations would otherwise have expired on a Saturday, Mr. and Mrs. Arwady's complaint was timely filed on the subsequent Monday. Fed. R. Civ. P. 6(a)(1)(C). Nevertheless, because it is clear from the face of Mr. and Mrs. Arwady's complaint that they failed to state a claim, we affirm dismissal on that ground.[2] *See Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 208 (5th Cir. 2009); *T. B. by and through Bell v. N.W. Indep. Sch. Dist.*, 980 F.3d 1047, 1050 n.2 (5th Cir. 2020) ("[W]e may 'affirm the district court's judgment on any grounds supported by the record.'" (*quoting United States ex rel. Farmer v. City of Houston*, 523 F.3d 333, 338 n.8 (5th Cir. 2008))).

In their false-arrest claim, Mr. and Mrs. Arwady allege that Agent Ho omitted key statements from his application for a search warrant in 2009

---

[2] After the district court allowed Mr. and Mrs. Arwady to file a second amended complaint to restate their negligence claim against the United States, they did not reassert their Fourth Amendment claims or even name Agent Ho as a defendant. Thus, there is a real question whether there is any live Fourth Amendment claim remaining at this point in the proceedings. *See Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). Regardless of the answer to that question, we affirm the dismissal for the reasons stated herein.

leading to Mr. Arwady's arrest by U.S. Marshals in 2014. Mr. and Mrs. Arwady's complaint does not address the five-year gap between Agent Ho's alleged omission and Mr. Arwady's arrest. Further, Mr. and Mrs. Arwady acknowledge in their complaint that the search warrant was approved by a magistrate judge. Mr. and Mrs. Arwady cannot overcome our precedent compelling the conclusion that "facts supporting [Arwady's] arrest [we]re placed before an independent intermediary"—the magistrate judge authorizing the initial search—"break[ing] [any] chain of causation for false arrest" traceable to Agent Ho. *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017) (quoting *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009)). Moreover, despite Mr. and Mrs. Arwady's contention that *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), authorizes their claim against agent Ho, we have already rejected the proposition that *Bivens* authorizes *carte blanche* Fourth Amendment claims for "seizures without legal process [or] . . . with wrongful legal process." *Cantú v. Moody*, 933 F.3d 414, 423 (5th Cir. 2019), *cert. denied*. 141 S. Ct. 112 (2020). Mr. and Mrs. Arwady's allegations against Agent Ho simply do not "state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6).

B.

Mr. and Mrs. Arwady's remaining Federal Tort Claims Act claim against the United States fares no better. The Act waives the United States' sovereign immunity for specified claims. 28 U.S.C. § 1346(b)(1). It does not, however, waive sovereign immunity for claims relating to "the detention of any goods" by any "law enforcement officer" unless one of four conditions is met, including that "the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property

other than as a sentence imposed upon conviction of a criminal offense."[3] *Id.* § 2680(c)(1).

Here, officers from ATF retained 165 of Mr. Arwady's firearms. *See id.* § 2680(c). Those firearms were seized according to a search warrant issued by a magistrate judge in connection with the investigation of a possible violation of the federal Gun Control Act. *See* 18 U.S.C. §§ 921–31. Mr. and Mrs. Arwady include both the search warrant and the investigation in their amended and second amended complaints.

Despite the search warrant and investigation, Mr. and Mrs. Arwady allege that "[t]he firearms were seized for civil forfeiture." "While the court must accept the facts in the complaint as true, it will 'not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Arnold*, 979 F.3d at 266 (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010)). In a conclusory allegation, Mr. and Mrs. Arwady ask us to overlook both the search warrant and the criminal investigation that were the reasons for the seizure of Mr. Arwady's firearms and instead accept that the seizure was really "for the purpose of forfeiture." Although Mr. and Mrs. Arwady point to a subsequent civil forfeiture action against the firearms, they do not allege how this after-the-fact civil action was the purpose of the seizure. This is true whether forfeiture must be the sole purpose or merely one of the purposes of the seizure to satisfy § 2680(c)(1). Mr. and Mrs. Arwady urge us to adopt the latter interpretation of the statute, while the government urges us to adopt the former, citing to four of our sister circuits for support.[4] We need not reach this question of statutory interpretation

---

[3] Mr. and Mrs. Arwady have not argued that any of the other four conditions is relevant to their claim.

[4] *See Foster v. United States*, 522 F.3d 1071, 1075 (9th Cir. 2008); *Smoke Shop, L.L.C. v. United States*, 761 F.3d 779, 786 (7th Cir. 2014); *Shigemura v. United States*, 504

No. 20-20403

because, as explained above, Mr. and Mrs. Arwady have not plausibly alleged how the forfeiture action was even one of the purposes of the seizure of their firearms.

Simply put, Mr. and Mrs. Arwady have not plausibly alleged facts that would support a waiver of sovereign immunity under 28 U.S.C. § 2680(c)(1). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "a complaint must contain sufficient factual matter, accepted as true" to state a plausible claim to relief).

\*     \*     \*

For the reasons set forth above, the judgment of the district court is AFFIRMED.

---

F. App'x 678, 680 (10th Cir. 2012); *Bowens v. U.S. Dep't of Just.*, 415 F. App'x 340, 343 (3d Cir. 2011).